[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10432
Non-Argument Calendar
_____

Agency No. A093-072-750


MAURICIO AMAYA-FLORES,
a.k.a. Mauricio Amaya,

                                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                        Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 29, 2014)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

    Mauricio Amaya-Flores seeks review of the Board of Immigration Appeals's

("BIA") final order dismissing his appeal of the Immigration Judge's ("IJ") order

of his removal for being an alien convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii), based on his prior conviction and sentence in Georgia for felony theft by taking under O.C.G.A. § 16-8-2.  On appeal, he argues that he is not removable as an aggravated felon because he was not sentenced to a qualifying "term of imprisonment" under 8 U.S.C. § 1101(a)(43)(G) and (a)(48)(B).  After careful review, we deny the petition.

We review <u>de novo</u> questions of law, including whether a conviction qualifies as an aggravated felony.  <u>Dixon v. U.S. Att'y Gen.</u>, 768 F.3d 1339, 1341 (11th Cir. 2014).  Under the prior panel precedent rule, we are bound by a prior panel's holding unless that holding is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting en banc.  <u>Smith v. GTE Corp.</u>, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).

An aggravated felony includes "a theft offense . . . for which the term of imprisonment [is] at least one year."  8 U.S.C. § 1101(a)(43)(G).  A "term of imprisonment" is defined to include "the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part."  8 U.S.C. § 1101(a)(48)(B).  An alien convicted of an aggravated felony after the time of his admission is removable on that basis.  8 U.S.C. § 1227(a)(2)(A)(iii).

In Georgia, a judge:

> fixing the sentence shall prescribe a determinate sentence for a specific number of months or years which shall be within the minimum and maximum sentences prescribed by law as the punishment for the crime. The judge imposing the sentence is granted power and authority to suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper[.]

O.C.G.A. § 17-10-1(a)(1).

In United States v. Ayala-Gomez, 255 F.3d 1314 (11th Cir. 2001), an alien defendant was sentenced by a Georgia state court to five years' confinement, but, after giving eight months of credit for time already served, the court permitted him to serve the remainder on probation. Id. at 1316-17. After later being convicted for a federal offense of unlawfully re-entering the United States without permission, he objected to an enhanced base offense level under U.S. Sentencing Guideline § 2L1.2(b)(1)(A) as a defendant convicted of an "aggravated felony," as defined in 8 U.S.C. § 1101(a)(43). Id. at 1317. Specifically, he argued that the probated remainder could not be counted because 8 U.S.C. § 1101(a)(48)(B) did not merge probation into the "term of imprisonment." Id.

In rejecting that argument, we considered the definition of a "suspension" under 8 U.S.C. § 1101(a)(48)(B). Id. at 1317-19. We noted that, although the pre-Sentencing Guidelines federal system treated suspension as a mere procedural step in the process of permitting a defendant to serve his sentence on probation, Georgia law treated suspension and probation as "distinct" mechanisms by which sentencing courts could excuse a defendant from confinement. Id. at 1317-18.

3

Nevertheless, because "federal statutes reflect federal understandings" absent a contrary statement, we concluded that the federal meaning of "suspension," that is, "a procedural act that precedes a court's authorization for a defendant to spend part or all of the imposed prison sentence outside of prison," was controlling. Id. at 1319. We held that a "term of imprisonment," as defined under 8 U.S.C. § 1101(a)(48)(B), encompassed "all parts of a sentence of imprisonment from which the sentencing court excuses the defendant, even if the court itself follows state law usage and describes the excuse with a word other than 'suspend.'" Id. In contrast, in United States v. Guzman Bera, 216 F.3d 1019 (11th Cir. 2000), we concluded that, "when a court does not order a period of incarceration and then suspend it, but instead imposes probation directly," the conviction does not qualify as an aggravated felony. Id. at 1021 (quotation omitted).

Here, the BIA did not err by dismissing Amaya-Flores's appeal of the IJ's order of his removal under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his aggravated felony. As the record shows, Amaya-Flores was sentenced to a four-year confinement term, to be served on probation, for his Georgia felony theft by taking conviction. Thus, like the defendant in Ayala-Gomez, Amaya-Flores was formally sentenced to a multi-year confinement term, but allowed to serve his sentence on probation. While the remaining probated portion of Ayala-Gomez's sentence after credit for time served was four years and four months out of a total five years'

4

confinement, Amaya-Flores was allowed to serve all four years of his confinement sentence on probation. This timing distinction is immaterial, however, since a "term of imprisonment," as defined in 8 U.S.C. § 1101(a)(48)(B), includes "all parts of a sentence of imprisonment from which the sentencing court excuses the defendant," which here included the entirety of the four-year confinement term to which Amaya-Flores was sentenced. See Ayala-Gomez, 255 F.3d at 1319.

Although the Georgia conviction record itself does not reference the word "suspend" or use that terminology, Ayala-Gomez held that Georgia's distinct usage of "probation" and "suspension" does not determine whether an alien's sentence in fact was suspended for purposes of 8 U.S.C. § 1101(a)(48)(B). See Ayala-Gomez, 255 F.3d at 1319; O.C.G.A. § 17-10-1(a)(1). Rather, the federal meaning ascribed to "suspension" controls, which means an alien's sentence was suspended if he in fact was "excuse[d]" from serving his sentenced term of confinement. See Ayala-Gomez, 255 F.3d at 1319. Because Amaya-Flores indisputably was excused from serving his four-year confinement term, the four-year probationary period he served for his sentence counts toward his "term of imprisonment" for purposes of applying 8 U.S.C. § 1101(a)(43)(G). Thus, the BIA and IJ correctly found that he qualified as an aggravated felon, removable under 8 U.S.C. § 1227(a)(2)(A)(iii).

As for Amaya-Flores's arguments regarding the plain meaning of the language of his conviction record, it is clear from the record's face that he was

5

sentenced to a confinement term of four years. Specifically, the conviction record provides that he was "sentenced to confinement for a period of 4 years following any period of confinement set forth above." We reject his claim that the "following any period of confinement set forth above" language is internally inconsistent with the stated confinement period in his conviction record. Indeed, there is no such preceding confinement period set out above, so the additional language is not operative in his case. Nor, moreover, does that language show that Amaya-Flores in fact was not sentenced to a four-year confinement term, since the stated sentence in his conviction record plainly reflects that he was.

As for Amaya-Flores's claim that he was sentenced to "straight probation," that interpretation directly contradicts the plain terms of his conviction record, which says that he was "sentenced to confinement for a period of 4 years . . . . [which] may be served on probation" under certain conditions. For this reason, his reliance on Guzman-Bera is misplaced -- that holding concerned only a direct sentence of straight probation, which he never received. See Guzman-Bera, 216 F.3d at 1021. Finally, we are unpersuaded by his argument that Ayala-Gomez was wrongly decided, since we are bound by that holding under the prior panel precedent rule until that case is overturned by the Supreme Court or this Court sitting en banc. See Smith, 236 F.3d at 1300 n.8.

**PETITION DENIED.**